**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute entries@phillipslaw.com

TREY DAYES (AZ Bar # 020805)
treyd@phillipslaw.com
DAWN M. SAUER (AZ Bar # 030271)
dawns@phillipsdayeslaw.com
JOHN L. COLLINS (AZ Bar # 030351)
johnc@phillipsdayeslaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| KIM GARDENIER, a single man, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| JAR IMPORTS CORPORATION, an Arizona Corporation doing business as INDUS DESIGN IMPORTS, a registered Arizona trade name; JOHN RAHMAN and JANE DOE RAHMAN 1, husband and wife; and AKHTAR RAHMAN and JANE DOE RAHMAN 2, husband and wife. | **(Jury Trial Requested)** |
| Defendants. | |

KIM GARDENIER, (hereinafter "Plaintiff"), for his complaint, alleges as follows:

### NATURE OF THE CASE

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for

health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.    Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.    Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC § 201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at § 207(a).

4.    For at least three years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.    For at least three (3) years prior to the filing of this action, Plaintiff worked at least forty (40) hours per week and was not paid time and a half for the hours worked above forty (40) hours per week.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7.    Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.    The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives,

as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## **PARTIES**

9. At all times material hereto, Plaintiff was, and continues to be, a resident of Maricopa County, Arizona.

10. Defendant JAR IMPORTS CORPORATION is incorporated in the State of Arizona with its principle place of business at 1817 East Rio Salado Parkway, Tempe, Arizona 85281.

11. Upon information and belief, Indus Design Imports is a registered trade name in Arizona and is wholly owned by Defendant, JAR IMPORTS CORPORATION  Indus Design Imports' principle place of business is located at 1817 East Rio Salado Parkway, Tempe, Arizona 85281.

12. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants JOHN RAHMAN and AKHTAR RAHMAN were and are, the owners of Defendant JAR IMPORTS CORPORATION.

13. Upon information and belief, at all times material hereto, Defendant JOHN RAHMAN, is an owner of JAR IMPORTS CORPORATION and has multiple business interest and contacts within the District.

14. Defendant JANE DOE RAHMAN 1 is the fictitious name of Defendant JOHN RAHMAN'S wife. When her true name is ascertained, this complaint will be amended. JANE DOE RAHMAN 1 and JOHN RAHMAN have caused events to take place giving rise to this complaint, as to which their marital community is fully liable.

/ / /

/ / /

15. Upon information and belief, at all times material hereto, Defendant AKHTAR RAHMAN and JANE DOE RAHMAN 2, were, and are, residents of Maricopa County, Arizona.

16. Defendant JANE DOE RAHMAN 2 is the fictitious name of Defendant AKHTAR RAHMAN'S wife. When her true name is ascertained, this complaint will be amended. JANE DOE RAHMAN 2 and AKHTAR RAHMAN have caused events to take place giving rise to this complaint, as to which their marital community is fully liable.

17. At all relevant times, Plaintiff was, an "employee" of JAR IMPORTS CORPORATION, as defined by 29 U.S.C. § 203(e) (1).

18. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to JAR IMPORTS CORPORATION.

19. At all relevant times, JAR IMPORTS CORPORATION, was and continues to be an employer as defined in 29 U.S.C. § 203(d).

20. On information and belief, Defendants JOHN RAHMAN and AKHTAR RAHMAN are deemed "employers" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216, and are co-equally liable with Defendant JAR IMPORTS CORPORATION, for all matters.

21. At all times material to this action, JAR IMPORTS CORPORATION, was and is, an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

22. Upon information and belief, at all relevant times, the annual gross revenue of JAR IMPORTS CORPORATION, exceeded $500,000.00

## **FACTUAL BACKGROUND**

23. Plaintiff was hired by Defendants in August of 2009 as a non-exempt hourly paid salesman.

24. Plaintiff's job responsibilities was selling the products of Defendants, and opening and closing the store.

25. Defendants specialized in furniture and furniture accessories.

26. From August 2009 to April 2011, Plaintiff worked up to forty-five (45) hours per week.

27. From August 2009 to April 2011, Plaintiff was paid hourly for only forty (40) hours per week.

28. From April 2011 to September 2013, Plaintiff worked seven (7) days per week, for a total of fifty-three (53) hours per week.

29. Plaintiff was a non-exempt employee.

30. Plaintiff was not a manager.

31. From April 2011 to September 2013, Plaintiff was paid $1,422 every two (2) weeks, for one hundred and six (106) hours of work.

32. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

33. From August 2009 to September 2013, Defendants failed to properly compensate Plaintiff for his overtime hours.

34. Plaintiff was not paid for hours over (40) forty hours any given week.

35. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were/was willful.

36. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

37. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C. to represent him in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## COUNT ONE

## <u>VIOLATION OF FAIR LABOR STANDARDS ACT § 207</u>

38. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

39. While employed by Defendant, Plaintiff consistently and regularly worked overtime each week.

40. Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

41. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages not receiving compensation in accordance with § 207 of the FLSA.

42. Under 29 U.S.C. § 216 Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

43. In addition to the amount of unpaid wages owed to Plaintiff, Plaintiff is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

44. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

45. Defendants have not made a good faith effort to comply with the FLSA.

46. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to his for all of his time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work for

1                 Defendants;

2,3       b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

4,5       c. Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

6       d. For Plaintiff's costs incurred in this action;

7,8,9       e. Awarding Plaintiff's pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

10,11       f. Awarding Plaintiff's post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

12       g. For such other and further relief as the Court deems just and proper

### COUNT TWO

### FAILURE TO PAY WAGES

15,16     47. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

17,18,19     48. Upon information and belief, Defendants failed to pay Plaintiff "wages" (as that term is defined by A.R.S. § 23-350) at Plaintiff's regular rate while Plaintiff was in the employ of Defendants.

20,21     49. Upon information and belief, Defendants' failure to pay Plaintiff said wages was willful, unreasonable, and in bad faith.

22,23     50. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount calculated above.

24,25     51. Pursuant to, *inter alia,* A.R.S. § 12-341.01, Plaintiff is entitled to an award of his attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff regular compensation in the amount due to him for all of Plaintiff's time worked that was not compensated for while working for Defendants.

    b. Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph.

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to A.R.S. § 12-341.01.

    d. For Plaintiff's costs incurred in this action.

    e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections a and b above from the date of the payment due for that pay period until paid in full.

    f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full.

    g. Ordering any other and further relief as the Court deems just and proper.

## COUNT THREE

## DECLARTORY JUDGMENT

52. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

53. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

54. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

55. Plaintiff may obtain declaratory relief.

56. Defendant employed Plaintiff.

57. Defendant is an enterprise covered by the FLSA.

58. Plaintiff is individually covered by the FLSA.

59. Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. § 207, at a rate of one and one-half times his normal hourly rate.

60. Defendant did not keep accurate time records pursuant to 29 U.S.C § 211(c) and 29 C.F.R. Part 516.

61. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

62. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

63. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

64. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

    b. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

    c. For Plaintiff's costs incurred in this action.

   d. Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

   e. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: October 30, 2013     Respectfully submitted,

              **PHILLIPS DAYES LAW GROUP PC**

              /s/ Dawn M. Sauer
              Dawn M. Sauer
              Attorney for Plaintiff